IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

CLERKS OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
01/26/2018
JULIA C. DUDLEY, CLERK
BY: s/ SUSAN MOODY
    DEPUTY CLERK

| | |
|---|---|
| Jeremy Squire & Associates, Ltd., <br>     Plaintiff <br><br> v. <br><br> Lori Swanson, in her official capacity as <br>     Attorney General of the State of Minnesota <br>     Defendant. | Case No. 7:18-cv-0040-MFU |

## COMPLAINT

COMES NOW, the Plaintiff, by and through its attorney, and alleges the following:

### Nature of the Case

1. This is a civil action brought pursuant to 42 U.S.C. § 1983, wherein Plaintiff prays for various forms of relief to restrain Defendant from acting under the color of law to deprive Plaintiff of the rights and privileges secured to it by the Constitution of the United States. Plaintiff is also seeking reimbursement of costs and attorneys' fees pursuant to 42 U.S.C. § 1988(b).

### Jurisdiction

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343 as a federal question arising under the United States Constitution Amendment 14 and under 42 U.S.C. § 1983.

### Venue

3. Venue properly lies with this Court pursuant to 28 U.S.C. § 1391(b)(2) because Defendant (a) seeks to enforce a subpoena in this district and gather information and documents

that are situated in this District and because (b) Defendant seeks to require Plaintiff, who is located in this District, to register with her office and secure a permit before conducting its business in this District.

## Parties

4. Defendant Lori Swanson is Attorney General of Minnesota. Defendant administers and enforces the Minnesota charitable solicitations act (Minn. St. §§ 309.50 *et seq*.) which requires (a) nonprofits soliciting charitable contributions in Minnesota to secure a permit before they begin a solicitation campaign, (b) requires the professional fund-raisers engaged by such nonprofits to also secure a permit, and (c) grants certain enforcement authority to Defendant.

5. Plaintiff Jeremy Squire & Associates, Ltd ("JSA") is Virginia corporation with its physical headquarters in Roanoke, Virginia. It maintains a "virtual office" in that all employees work from home in the normal course of business. Most employees live and work in Virginia. None live or work in Minnesota.

6. JSA is a professional fundraising consultant ("PFC," a variety of "professional fund-raiser") that assists various nonprofit-clients with nationwide direct mail campaigns. None of its clients are domiciled in Minnesota.

7. One of its clients is TREA Memorial Foundation ("TMF"), which is domiciled in Colorado.

## Facts

8. TMF is properly registered to solicit charitable contributions with Defendant's office.

9. As part of an investigation of TMF, Defendant sent Civil Investigative Demand ("CID") to JSA claiming that "JSA is required to answer the interrogatories and produce the requested documents within twenty (20) days of service."

10. JSA has notified Defendant that it has no contact with Minnesota substantial enough to confer regulatory authority over JSA, but has voluntarily provided some of the information and documents requested by Defendant.

11. JSA fears that Defendant will seek to enforce the CID in Minnesota state court.

12. JSA does not have sufficient contact with Minnesota such that a Minnesota state court would have jurisdiction over it either.

13. For many years, JSA has registered voluntarily, but under protest, as a "professional fund-raiser" in Minnesota.  JSA did so because it:

   a. feared that Minnesota would refuse to grant a charitable solicitations permit to all of its charity-clients if JSA itself was not registered as a professional fund-raiser;

   b. did not want to bear the financial and administrative burdens of a lawsuit to prove that Minnesota did not have the authority to require such registration.

## Cause of Action I: Defendant's CID violates Due Process

14. Because JSA has insufficient contact with the State of Minnesota, Defendant's threat to enforce the CID violates JSA's due process right to be free from regulation and enforcement by foreign States having no jurisdiction over JSA.

## Cause of Action II: Defendant's registration requirement violates Due Process

15. Because JSA has insufficient contact with the State of Minnesota, Defendant cannot require JSA to register as a professional fund-raiser with Defendant's office before JSA provides fundraising consulting services to its charity-clients.

## Inadequate Remedy at Law

16. No remedy at law suffices to redress Plaintiff's grievances.  A money judgment will not compensate Plaintiff for the loss of the constitutionally protected right of due process.

## Prayer for Relief

17. Plaintiff prays the Court issue the following:

   a. An order QUASHING the CID and ENJOINING Defendant from issuing any further subpoena, civil investigative demand, or any similar investigatory demand however denominated to JSA;

   b. A DECLARATORY JUDGMENT providing that Defendant does not have the jurisdiction or authority to require out-of-State PFCs with little to no contact with Minnesota to respond to subpoenas, civil investigative demands, or any similar investigatory demands however denominated;

   c. A permanent injunction ENJOINING the enforcement of the professional fund-raiser registration requirement against JSA;

   d. A DECLARATORY JUDGMENT providing that Defendant does not have the jurisdiction or authority to require out-of-State PFCs with little to no contact with Minnesota to register as professional fund-raisers;

   e. An order requiring the Defendants to pay all costs, interest, and attorneys' fees as may be incurred with this civil action, pursuant to 42 U.S.C. § 1988;

   f. An order providing that this Court retain jurisdiction to enforce all injunctions granted against Defendants, their agents, and employees;

   g. An order providing such other and further relief as the Court may deem just and proper for the purpose of redressing Plaintiffs' grievances.

Respectfully submitted this January 26, 2018.

<u>/s/ Charles Nave</u>
PLAINTIFF'S COUNSEL
Charles H. Nave, Esq.
Charles H. Nave, P.C.
316 Mountain Avenue SW
Roanoke VA 24016
Va. Bar #43585
D.C. Bar #484501
Md. Dist. Ct. Atty # 8114
Md. Bar ID #D415573
Telephone: 540 345 8848
Fax: 540 301 4926
Mobile: 540 354 3943
Email: charlie@nave-law.com