IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| Jeremy Squire & Associates, Ltd., as an individual corporation and on behalf of all others similarly situated,<br>　　Plaintiff<br><br>v.<br><br>Lori Swanson, in her official capacity as<br>　　Attorney General of the State of Minnesota<br>　　Defendant. | **CLASS ACTION COMPLAINT**<br><br>*Nationwide Class Representation*<br><br>Case No. 7:18cv00040 |

## COMPLAINT

COMES NOW, the Plaintiff, by and through its attorney, and alleges the following:

### Nature of the Case

1. This is a civil action brought pursuant to 42 U.S.C. § 1983, wherein Plaintiff prays for various forms of relief to restrain Defendant from acting under the color of law to deprive Plaintiff of the rights and privileges secured to it by the Constitution of the United States. Plaintiff is also seeking reimbursement of costs and attorneys' fees pursuant to 42 U.S.C. § 1988(b).

### Jurisdiction

2. Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343 as a federal question arising under the United States Constitution Amendment 14 and under 42 U.S.C. § 1983.

### Venue

3. Venue properly lies with this Court pursuant to 28 U.S.C. § 1391(b)(2) because Defendant (a) seeks to enforce a subpoena in this district and gather information and documents that are situated in this District and because (b) Defendant seeks to require Plaintiff, who is located in this District, to register with her office and secure a permit before conducting its business in this District.

## Parties

4. Defendant Lori Swanson is Attorney General of Minnesota. Defendant administers and enforces the Minnesota charitable solicitations act (Minn. St. §§ 309.50 *et seq*.) which requires (a) nonprofits soliciting charitable contributions in Minnesota to secure a permit before they begin a solicitation campaign, (b) requires the professional fund-raisers engaged by such nonprofits to also secure a permit, and (c) grants certain enforcement authority to Defendant.

5. Plaintiff Jeremy Squire & Associates, Ltd ("JSA") is Virginia corporation with its physical headquarters in Roanoke, Virginia. It maintains a "virtual office" in that all employees work from home in the normal course of business. Most employees live and work in Virginia. None live or work in Minnesota.

6. JSA is a professional fundraising consultant ("PFC," a variety of "professional fund-raiser") that assists various nonprofit-clients with nationwide direct mail campaigns. None of its clients are domiciled in Minnesota.

7. One of its clients is TREA Memorial Foundation ("TMF"), which is domiciled in Colorado.

## Facts

8. TMF is properly registered to solicit charitable contributions with Defendant's office.

9. As part of an investigation of TMF, Defendant sent Civil Investigative Demand ("CID") to JSA claiming that "JSA is required to answer the interrogatories and produce the requested documents within twenty (20) days of service."

10. JSA has notified Defendant that it has no contact with Minnesota substantial enough to confer regulatory authority over JSA, but has voluntarily provided some of the information and documents requested by Defendant.

11. JSA fears that Defendant will seek to enforce the CID in Minnesota state court.

12. JSA does not have sufficient contact with Minnesota such that a Minnesota state court would have jurisdiction over it either.

13. For many years, JSA has registered voluntarily, but under protest, as a "professional fund-raiser" in Minnesota.  JSA did so because it:

   a. feared that Minnesota would refuse to grant a charitable solicitations permit to all of its charity-clients if JSA itself was not registered as a professional fund-raiser;

   b. did not want to bear the financial and administrative burdens of a lawsuit to prove that Minnesota did not have the authority to require such registration.

### Cause of Action I: Defendant's CID violates Due Process

14. Because JSA has insufficient contact with the State of Minnesota, Defendant's threat to enforce the CID violates JSA's due process right to be free from regulation and enforcement by foreign States having no jurisdiction over JSA.  Plaintiff does not seek to litigate this cause of action as a class action.

### Cause of Action II: Defendant's registration requirement violates Due Process

15. Because JSA has insufficient contact with the State of Minnesota, Defendant cannot require JSA to register as a professional fund-raiser with Defendant's office before JSA provides fundraising consulting services to its charity-clients.

16. Plaintiff seeks to litigate this cause of action as a class action

17. Pursuant to Fed.R.Civ.P. 23, Plaintiff brings this class action and seeks certification of the claims and certain issues in this action on behalf of Class defined as: all PFCs who have registered with Defendant's office but who have such a paucity of contacts with Minnesota that Minnesota has no regulatory jurisdiction over them to legally compel such registration.

18. Plaintiff reserves the right to amend the class definition if further investigation and discovery indicates that the Class definition should be modified.

19. Defendant's practices and omissions were uniformly applied to all members of the class so that the questions of law and fact are common to all members of the Class and any subclass.

20. All members of the Class and any subclass were and are similarly affected by Defendant's enforcement practices and the relief sought herein is for the benefit of Plaintiff and members of the Class and any subclass.

21. Based on the number of members of the class, which is understood to be greater than 500, it is apparent that the Class and any subclass is so large as to make joinder impractical, if not impossible.

22. Questions of law and fact common to the Plaintiff Class and any subclass exist that predominate over questions affecting only individual members, including, *inter alia*: "What is the minimum level of contact (or "nexus") between Minnesota and a PFC (a) not domiciled in Minnesota or (b)organized under Minnesota law or (c) having Minnesota clients that would

endow Minnesota with regulatory jurisdiction over the PFC sufficient to require registration with Defendant's office?"

23. The claims asserted by Plaintiff in this action are typical of the claims of the members of the Plaintiff Class and any subclass, as the claims arise from the same course of conduct by Defendant, and the relief sought within the Class and any subclass is common to the members of each.

24. Plaintiff will fairly and adequately represent and protect the interests of the members of the Plaintiff Class and any subclass.

25. Plaintiff has retained counsel competent and experienced in litigating in defense of the due process rights of PFCs compelled to register with States which have no regulatory jurisdiction over said PFCs.

26. Certification of this class action is appropriate under Fed.R.Civ.P 23because the questions of law or fact common to the respective members of the Class and any subclass predominate over questions of law or fact affecting only individual members.  This predominance makes class litigation superior to any other method available for a fair and efficient decree of the claims.

27. Absent a class action, it would be unlikely that the representative Plaintiff or any other members of the Class or any subclass would be able to protect their own interests because the costs of litigation through individual lawsuits would exceed expected recovery.

28. Certification is also appropriate because Defendant acted, or refused to act, on grounds generally applicable to both the Class and any subclass, thereby making appropriate the relief sought on behalf of the Class and any subclass as respective wholes.  Further, given the large

number of Class members, allowing individual actions to proceed in lieu of a class action would run the risk of yielding inconsistent and conflicting adjudications.

29. A class action is a fair and appropriate method for the adjudication of the controversy, in that it will permit a large number of claims to be resolved in a single forum simultaneously, efficiently, and without the unnecessary hardship that would result from the prosecution of numerous individual actions and the duplication of discovery, effort, expense and burden on the courts that individual actions would engender.

30. The benefits of proceeding as a class action, including providing a method for obtaining redress for claims that would not be practical to pursue individually, outweigh any difficulties that might be argued with regard to the management of this class action.

## Inadequate Remedy at Law

31. No remedy at law suffices to redress Plaintiff's grievances. A money judgment will not compensate Plaintiff for the loss of the constitutionally protected right of due process.

## Prayer for Relief

32. Plaintiff prays the Court issue the following:

   a. An order QUASHING the CID and ENJOINING Defendant from issuing any further subpoena, civil investigative demand, or any similar investigatory demand however denominated to JSA;

   b. A DECLARATORY JUDGMENT providing that Defendant does not have the jurisdiction or authority to require out-of-State PFCs with little to no contact with Minnesota to respond to subpoenas, civil investigative demands, or any similar investigatory demands however denominated;

 c. An ORDER certifying that the second cause of action may be maintained as a class action, certifying Plaintiff as representative of the Class, and designating its counsel as counsel for the Class

 d. A permanent injunction ENJOINING the enforcement of the professional fund-raiser registration requirement against JSA and all other members of the Class;

 e. A DECLARATORY JUDGMENT providing that Defendant does not have the jurisdiction or authority to require out-of-State PFCs with little to no contact with Minnesota to register as professional fund-raisers;

 f. An order requiring the Defendants to pay all costs, interest, and attorneys' fees as may be incurred with this civil action, pursuant to 42 U.S.C. § 1988;

 g. An order providing that this Court retain jurisdiction to enforce all injunctions granted against Defendants, their agents, and employees;

 h. An order providing such other and further relief as the Court may deem just and proper for the purpose of redressing Plaintiffs' grievances.

Respectfully submitted this February 16, 2018.

/s/ Charles Nave
PLAINTIFF'S COUNSEL
Charles H. Nave, Esq.
Charles H. Nave, P.C.
316 Mountain Avenue SW
Roanoke VA 24016
Va. Bar #43585
D.C. Bar #484501
Md. Dist. Ct. Atty # 8114
Md. Bar ID #D415573
Telephone: 540 345 8848
Fax: 540 301 4926
Mobile: 540 354 3943
Email: charlie@nave-law.com